UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

_____

**This Document Relates to:**

*Peragine v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:13-cv-51147-DRH-SCW

*Jones v. Boehringer Ingelheim Pharmaceuticals, Inc.,* No. 3:13-cv-51225-DRH-SCW

*Mallette v. Boehringer Ingelheim Pharmaceuticals Inc. et al.,* No. 3:14-cv-50054-DRH-SCW

*Patterson v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* No. 3:14-cv-50277-DRH-SCW

*Siegel v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* No. 3:14-cv-50301-DRH-SCW

*Freely v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* No. 3:14-cv-50309-DRH-SCW

*Williams v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* No. 3:14-cv-50327-DRH-SCW

*Fuller v. Boehringer Ingelheim Pharmaceuticals Inc et al.,* No. 3:14-cv-50416-DRH-SCW

*Palmer v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* No. 3:14-cv-60005-DRH-SCW

## ORDER OF DISMISSAL WITH PREJUDICE

**HERNDON, District Judge:**

This matter is before the Court on defendants' (Boehringer Ingelheim Pharmaceuticals Inc. and Boehringher Ingelheim International) motions to show cause why the above captioned cases should not be dismissed with prejudice, filed pursuant to Case Management Order Number 78 ("CMO 78") (Doc. 519). None of the above captioned plaintiffs has responded to the motions. Accordingly, the Court accepts as true the allegations in defendants' motions to show cause. For the reasons discussed herein, the motions are **GRANTED**.

CMO 78 applies to all plaintiffs (1) with personal injury claims pending in this MDL at the time CMO 78 was entered and (2) who did not opt-in to the voluntary settlement program, as well as (3) all plaintiffs with personal injury claims later filed in, removed to, or transferred to this MDL after the entry of CMO 78. All of the above captioned plaintiffs are subject to the requirements of CMO 78.

Pursuant to Section I.A. of CMO 78, plaintiffs are required to send a written notice to pharmacies and healthcare providers requesting preservation of records. CMO 78 also requires service of a signed certification verifying that all notices were sent as required. Sections II.A.- C. of CMO 78 require plaintiffs to produce a number of documents and things. First, plaintiffs are required to serve a Plaintiff

Fact Sheet ("PFS") and authorizations in compliance with CMO 15. Second, plaintiffs are required to produce all pharmacy records regarding the dispensation of medication and certain medical records. Third, plaintiffs are required to submit a signed affidavit attesting that all the records required under CMO 78 were collected and produced. Finally, Sections II.D. and E. of CMO 78 require that plaintiffs produce certain expert reports no later than thirty (30) days after the Opt-In Deadline, or by September 11, 2014.

Pursuant to CMO 78, defendants notify plaintiffs who are not in compliance with the above listed requirements. After receiving such notice, plaintiffs are given a certain amount of time to cure the identified CMO 78 deficiencies ("Cure Period"). The Cure Period is <u>the only extension permitted</u> under CMO 78.[1] If the plaintiff fails to cure the identified deficiencies during the Cure Period, defendants "may file a Motion to Show Cause why the case should not be dismissed with prejudice." (Doc. 519 §§ I.D., II.G.). Upon the filing of such a motion, the plaintiff has "twenty (20) days to respond to the Motion and show good cause why the case should not be dismissed" (Doc. 519 §§ I.D., II.G.). "Any failure to respond to the Motion within the specified period shall lead to dismissal of the case with prejudice." (Doc. 519 §§ I.D., II.G.).

---

[1] CMO 78 states, in relevant part as follows: (1) as to Section I, "[a]ny Plaintiff who fails to fully comply with the requirements of Paragraphs A, B, and C above shall be provided notice of such failure by email or fax from Defendants' counsel and shall be provided fourteen (14) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted unless agreed to by all parties" and (2) as to Section II, any plaintiff who fails to comply "shall be given notice of such failure by email or fax from Defendants' counsel and shall be provided twenty (20) additional days to cure such deficiency ("Cure Period") to be calculated from receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted" (Doc. 519).

In the instant case, the above captioned plaintiffs failed to comply with one or more requirements of CMO 78.[2] Further, the plaintiffs received CMO 78 deficiency notices and failed to cure the identified deficiencies within the cure period. As a result, defendants filed motions to show cause in accord with CMO 78. The time for responding to defendants' motions to show cause has passed and none of the above captioned plaintiffs have responded. Therefore, in accord with the provisions of CMO 78, the above captioned plaintiffs' claims are subject to dismissal WITH prejudice.

The above captioned plaintiffs have failed to comply with the requirements of CMO 78 and have failed to show good cause for the noncompliance within the time allowed by CMO 78. Accordingly, the claims of the above captioned plaintiffs

---

[2] Prior to the filing of the subject motions to show cause, counsel representing one or more of the above captioned plaintiffs withdrew. In each case involving withdrawn counsel, the Court entered an order allowing counsel to withdraw and directing the plaintiff to file a supplementary entry of appearance within 21 days. The Court expressly declined to grant any production or discovery extensions. In each case, the plaintiff failed to timely file a supplementary entry of appearance.

are **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the **CLERK OF THE COURT** to **ENTER JUDGMENT ACCORDINGLY**.

**IT IS SO ORDERED.**

Signed this 30th day of October, 2014.

David R. Herndon
2014.10.30
11:49:29 -05'00'

**United States District Court**